**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON**

ANTONIO HERRINE, # 194261,      *
                                *
    Petitioner,             *
                                *
vs.                             *  CIVIL ACTION NO. 23-00405-JB-B
                                *
SHARON FOLKS,                   *
                                *
    Respondent.             *

<u>**REPORT AND RECOMMENDATION**</u>

    Petitioner Antonio Herrine, an Alabama prison inmate proceeding *pro se*, filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. (Doc. 1). The assigned District Judge has referred this matter to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(b), and Rule 8(b) of the Rules Governing Section 2254 Cases.

    Under Rule 4 of the Rules Governing Section 2254 Cases, the assigned judge "must promptly examine" the petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, R. 4. "To survive Rule 4 review, a § 2254 petition must set forth facts that, if true, would establish a constitutional violation entitling the

petitioner to relief." <u>Paez v. Sec'y, Fla. Dep't of Corr.</u>, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam). "Rule 4 does not restrict summary dismissals to merits-based deficiencies." <u>Id.</u> "Both a procedural bar and a merits-based deficiency [may] lead a district court to conclude that the petitioner is 'not entitled to relief.'" <u>Id.</u> at 654 (quoting Rules Governing § 2254 Cases, R. 4).

Upon preliminary review of the present petition, the undersigned finds that it plainly appears that Petitioner Herrine is not entitled to habeas relief in this Court. Accordingly, it is recommended that Petitioner Herrine's habeas corpus petition (Doc. 1) and this action be **DISMISSED without prejudice.**

I.   <u>**BACKGROUND**</u>

Petitioner Antonio Herrine ("Herrine"), who is presently housed at Loxley Community Work Center in Loxley, Alabama,[1] filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on October 25, 2023.[2] (Doc. 1). In the petition, Herrine

---

[1] Respondent Sharon Folks is the Warden of Loxley Community Work Center. <u>See</u> Rules Governing § 2254 Cases, R. 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody.").

[2] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing. <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the petition. <u>Id.</u> Herrine's petition states that it was executed

states that he is challenging his October 10, 2013 judgment of conviction for second-degree robbery in the Circuit Court of Mobile County, Alabama, Case Number CC-2013-002071, which followed a guilty plea and resulted in a sentence of twenty years' imprisonment. (Id. at 2). Herrine states that he did not appeal from the judgment of conviction because he "was told that [he] could not appeal because [he] took a plea."[3] (Id. at 3). When asked on the § 2254 petition form whether he previously filed any other petitions, applications, or motions with respect to this judgment in any state court, Herrine responds that he filed a motion for "reduction in sentence" in the Mobile County "District Court" on October 5, 2023, which raised the following grounds: "not a danger to the community, rehabiltation, home plan, ineffective counsel, parole granted and taken away." (Id. at 3-4).[4] Herrine states that the motion for reduction in sentence was denied on October 16, 2023, and that he did not appeal the result. (Id. at 4-5). Herrine denies having filed any other petitions,

and delivered to custodial authorities for mailing on October 25, 2023. (Doc. 1 at 12).

[3] Unless otherwise indicated by brackets, quoted language from Herrine's *pro se* petition is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

[4] A copy of Herrine's state court "Motion for Early Release/Reduction in Sentence" is attached as an exhibit to the instant § 2254 habeas petition. (Doc. 1-1).

applications, or motions with respect to the underlying judgment in any state court.  (Id. at 4).  He further states that he does not have any other petition or appeal now pending in any court, either state or federal, as to the judgment under attack herein. (Id. at 9).

In ground one of the instant habeas petition, Herrine claims "ineffective counsel."  (Id. at 6).  In support of that claim, Herrine states that his plea "counsel never provided any options, did not file any motions, did not consult with [him] prior to court, [and] did not show any evidence."  (Id.).  Herrine states that he raised this claim before the state courts only in his recent "motion for early release/sentence reduction."  (Id. at 7).

Herrine lists ground two as "make parole – then they took it away."  (Id.).  In support of this claim, Herrine states: "I made parole in 2018 the prison took it away by no fault of my own since the Governor Ivy changed the rules, no one quailifies."  (Id.). Herrine states that he raised this claim before the state courts only in his recent "motion for sentence reduction/early release." (Id.).

Ground three is listed as: "Mr. Herrine is not a danger to the public."  (Id. at 8).  In support of this ground for relief, Herrine states that he is "housed at Loxely Work Release" and has "been working with public since 2018."  (Id.).  Herrine states

that he raised this claim before the state courts only in his "motion for sentence reduction/early release." (Id.).

Herrine lists his fourth and final ground for relief as "stable and secure home plan." (Id.). In support of this ground for relief, Herrine indicates that if he is released, he "will live with [his] fiancé in Mobile and will continue working at [his] current job at the cleaners." (Id.). Once again, Herrine states that he raised this claim before the state courts only in his recent "motion for sentence reduction/early release." (Id. at 8-9).

In the section of the habeas petition form that directs a petitioner whose judgment of conviction became final more than one year earlier to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar their petition, Herrine states the following:

> When I was sentenced in 2013 I was uneducated in the law. My counsel did not tell me that I could file any motions on my case. . . . I feel like if he would have listened to me I would not be in prison today. He never advised me on anything and never recommended anything to me, except to take the plea. If he would have told me that I had options to contest my sentence I would have filed them and most likely would have been released already.

(Id. at 11).

## II.  DISCUSSION

A state prisoner may pursue habeas relief in federal court "only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

A matter of state law provides no basis for federal habeas relief because it presents no federal constitutional question. See Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."); Estelle, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Thus, claims that merely allege violations of state law are not cognizable in a § 2254 proceeding. "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (citation omitted). Federal habeas petitioners must also satisfy various procedural requirements in order to obtain relief, including compliance with the applicable statute of limitations and exhaustion of remedies available in the courts of the state of conviction.

Upon review of Herrine's petition, it plainly appears that his claims are due to be summarily dismissed pursuant to Rule 4 of

the Rules Governing Section 2254 Cases because they are time-barred, unexhausted, procedurally defaulted, and/or not cognizable in a § 2254 habeas proceeding.  The Court will address Herrine's grounds for relief in turn.

**A.    Ground One.**

As noted *supra*, Herrine alleges in ground one of his § 2254 petition that his plea counsel was "ineffective" because he "never provided any options, did not file any motions, did not consult with [Herrine] prior to court, [and] did not show any evidence." (Doc. 1 at 6).  For the reasons set forth below, Herrine's first ground for relief is time-barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1)(A), and it is procedurally defaulted due to Herrine's failure to exhaust it in the state courts.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for federal habeas petitions.  See 28 U.S.C. § 2244(d)(1).  Under this statute, the limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Where a petitioner asserts multiple claims with different dates triggering the statute of limitations under § 2244(d)(1), the applicable trigger date is determined on a claim-by-claim basis. Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) (en banc).

With respect to Herrine's ineffective assistance of plea counsel claim in ground one, there is nothing to suggest that the triggering dates provided in subsections (B) through (D) of § 2244(d)(1) apply. Thus, the one-year limitation period for that claim commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A).

Accepting as true Herrine's statement that he did not appeal from his October 10, 2013 judgment of conviction, Herrine's judgment became final for federal habeas purposes forty-two days after the entry of judgment, on or about November 21, 2013, when the time for filing an appeal expired. See Ala. R. App. P. 4(b)(1); Bonner v. Daniels, 2017 U.S. App. LEXIS 27809, at *4, 2017 WL 5068422, at *2 (11th Cir. Mar. 30, 2017). Thus, absent tolling,

Herrine had until November 21, 2014, to file a federal habeas petition raising the ineffective assistance of counsel claim set forth in ground one.

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam). Statutory tolling is codified at 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. See 28 U.S.C. § 2244(d)(2). "However, the pendency of even a properly filed state post-conviction application only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." Roby v. Mitchem, 2012 U.S. Dist. LEXIS 67121, at *8, 2012 WL 1745529, at *3 (N.D. Ala. May 1, 2012) (emphasis in original). Here, the limitation period was not statutorily tolled, because even assuming *arguendo* that Herrine's recent motion for early release was a properly filed application for state post-conviction review, it was filed nearly a decade after the one-year limitation period had expired.

Thus, Herrine's first ground for relief is time-barred, absent equitable tolling or a credible showing of actual innocence. Equitable tolling is available only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). "Equitable tolling is an extraordinary remedy, which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner's "allegations supporting equitable tolling must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Herrine appears to suggest that he is entitled to equitable tolling based on (1) his lack of legal education at the time he was sentenced and (2) his attorney's misleading advice that he did not have the right to file an appeal or failure to inform him of his appellate rights. With respect to Herrine's first asserted ground for equitable tolling, courts "have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) (citing Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)); see Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); Dansby v. Estes, 2018 U.S. Dist. LEXIS 34524, at *8, 2018 WL 1474582, at *3 (S.D. Ala. Mar. 1, 2018)

10

("[I]t is well-established that 'an inmate's lack of legal knowledge, his failure to understand legal principles, and his inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling.'" (citations omitted), report and recommendation adopted, 2018 U.S. Dist. LEXIS 49296, 2018 WL 1474080 (S.D. Ala. Mar. 26, 2018). "*[P]ro se* litigants, like all others, are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (per curiam).

As to the second asserted ground for equitable tolling, Herrine has not shown that his plea counsel's conduct constituted an "extraordinary circumstance" sufficient to warrant equitable tolling. Eleventh Circuit authority indicates that an attorney's failure to correctly advise a defendant about his appellate rights is generally a type of negligence, which does not warrant equitable tolling, as opposed to abandonment, which may warrant equitable tolling. See Spears v. Warden, 605 F. App'x 900, 905 (11th Cir. 2015) (per curiam) (where petitioner argued entitlement to equitable tolling because his plea counsel led him to believe he had no right to an appeal, finding that equitable tolling was not warranted even if counsel was negligent in misadvising petitioner); see also Gholston v. Chatman, 2017 U.S. Dist. LEXIS 127910, at *6-7, 2017 WL 3474074, at *3 (M.D. Ga. July 10, 2017)

(where petitioner argued that his plea counsel failed to advise him of the right to appeal and the deadline for filing a notice of appeal, but petitioner did not initiate an appeal and did not indicate that he wished to continue the attorney-client relationship to pursue an appeal, finding that petitioner had "not shown that his plea counsel's conduct amounted to the type of professional misconduct required for equitable tolling"), report and recommendation adopted, 2017 U.S. Dist. LEXIS 127475, 2017 WL 3461708 (M.D. Ga. Aug. 11, 2017).

Moreover, Herrine's allegations regarding his plea counsel's failure to correctly advise him of his appellate rights do not establish any basis for equitable tolling because they offer no explanation for Herrine's lengthy delay in filing a federal habeas petition. See Disney v. Ammons, 2007 U.S. Dist. LEXIS 42150, at *2, 2007 WL 1702805, at *1 (S.D. Ga. June 11, 2007) ("The allegations in Petitioner's objections do not establish a basis for equitable tolling. At most, Petitioner offers an explanation for the tardiness of his direct appeal, not his habeas petition."). Even assuming *arguendo* that Herrine could show that his attorney's failure to properly advise him constituted an extraordinary circumstance that prevented him from filing both a timely direct appeal and a timely § 2254 petition, there is no basis to conclude that Herrine diligently pursued his rights, given that he sat idle for nearly a decade before deciding to attack his conviction. See

Everett v. Barrow, 861 F. Supp. 2d 1373, 1376 (S.D. Ga. 2012) ("[T]here is a bottom line in this area and it is this: 'Judicial systems are operated by human beings who err.  Defendants know this.  They thus must make a reasonable inquiry, even if told they may rest easy and do nothing, where a large amount of time marches by and nothing happens in their cases.'") (citation omitted). Thus, Herrine is not entitled to equitable tolling of the one-year limitation period.

A habeas petitioner's actual innocence, if proved, may serve as a gateway to consideration of constitutional claims otherwise time-barred under § 2244(d)(1)'s one-year limitation period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present new reliable evidence . . . that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (internal quotation marks and citations omitted).  The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  Herrine makes no showing of actual innocence that would permit consideration of his untimely claim.  Thus, it plainly

appears from the face of Herrine's petition that his first ground for relief is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

In addition to the one-year limitation period, § 2254 habeas claims are subject to an exhaustion requirement. Before a § 2254 petitioner may obtain federal habeas corpus relief, he must generally exhaust all available state court remedies for challenging his conviction, either on direct appeal or in a state post-conviction motion. See 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Walker, 533 U.S. 167, 178-79 (2001). To fully exhaust a claim, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing in that court, and a petition for discretionary review in the Supreme Court of Alabama. Price v. Warden, Att'y Gen. of Ala., 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam). The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

A habeas claim "is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir.

2008); see Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas[.]").

Herrine's habeas petition makes clear that he has not invoked one complete round of Alabama's established appellate review process with respect to his ineffective assistance of counsel claim and has therefore failed to exhaust all available state court remedies as to that claim. Moreover, it appears that any attempt to exhaust state remedies now with respect to the claim raised in ground one of the instant petition would be futile because the claim would be subject to the procedural bars in Ala. R. Crim. P. 32.2(a) and (c).

A petitioner can overcome a procedural default in one of two ways. First, a petitioner's defaulted claims can be reviewed if he can show cause for the default and resulting prejudice. Murray v. Carrier, 477 U.S. 478, 496 (1986). To establish cause, a petitioner must "show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997)

(citation omitted).  To show prejudice, "a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had the constitutional violation not occurred.  Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

Herrine arguably seeks to excuse the procedural default of his ineffective assistance of counsel claim by alleging that his plea counsel did not correctly advise him of his appellate rights and did not inquire whether he wished to appeal his guilty plea conviction.  However, while counsel's ineffectiveness may excuse a procedural default, such is the case only when the ineffective assistance claim itself has been independently and properly raised in the state courts.  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Murray, 477 at 489 (holding that the exhaustion doctrine "generally requires that a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.").  Further, the ineffective assistance claim which is asserted as cause must itself be both exhausted and not procedurally defaulted.  Hill v. Jones, 81 F.3d 1015, 1030 (11th Cir. 1996) (concluding that "procedurally-defaulted claims of ineffective assistance cannot serve as cause to excuse a default of a second claim"); Maestrey v. Allen, 2014 WL 13065156, at *4 (N.D. Ga. July 18, 2014) ("[I]neffectiveness of counsel cannot be cause to excuse

Petitioner's failure to exhaust his unexhausted claims in state court, whether those claims are procedurally defaulted or not, because Petitioner also failed to exhaust any ineffective-assistance claim in state court."), report and recommendation adopted, 2014 U.S. Dist. LEXIS 207274, 2014 WL 13065157 (N.D. Ga. Sept. 10, 2014).

Even giving Herrine the benefit of the doubt and assuming that his recent state court motion raised the claim that his plea counsel was ineffective for failing to properly advise him of his appellate rights, it cannot serve as cause to overcome Herrine's procedural default because the claim is unexhausted and procedurally barred from state review. Also, Herrine's assignment of error to his plea counsel regarding his advice about a direct appeal in no way justifies Herrine's failure to properly exhaust his claims in a post-conviction petition. Further, Herrine's vague and conclusory allegations fail to demonstrate the existence of a meritorious claim on appeal; thus, he has not shown that he suffered prejudice as a result of his counsel's allegedly deficient performance. See Yohey v. Russell, 2023 U.S. Dist. LEXIS 50261, at *8, 2023 WL 2634507, at *3 (D. Nev. Mar. 24, 2023) ("To overcome procedural default [based on trial counsel's failure to effectuate an appeal], a petitioner must show that his ineffective assistance of counsel claim was 'presented to the state courts as an independent claim' and is meritorious, *i.e.*, showing that counsel

was 'so ineffective as to violate the Federal Constitution.'")
(quoting Edwards, 529 U.S. at 451).

A petitioner may also overcome the procedural default of a
claim by establishing a fundamental miscarriage of justice, which
"occurs in an extraordinary case, where a constitutional violation
has resulted in the conviction of someone who is actually
innocent." Henderson, 353 F.3d at 892. "This exception applies
if the petitioner can show that, in light of new evidence, it is
probable that no reasonable juror would have convicted him." Mize,
532 F.3d at 1190. Herrine's habeas petition makes no credible
showing of actual innocence. Accordingly, in addition to being
time-barred, Herrine's ineffective assistance of counsel claim in
ground one is unexhausted and procedurally defaulted.

**B.    Ground Two.**

In ground two, Herrine complains that he "made parole" in
2018, but "the prison took it away by no fault of [his] own since
the Governor Ivy changed the rules, no one quailifies." (Doc. 1
at 7).

As an initial matter, this ground for relief is subject to
summary dismissal because Herrine's barebones allegations fail to
adequately notify the Court of the claim being asserted in ground
two, much less comply with the heightened pleading requirements
for § 2254 habeas petitions. "The § 2254 Rules . . . mandate 'fact
pleading' as opposed to 'notice pleading,' as authorized under

Federal Rule of Civil Procedure 8(a)."[5]  Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011).  "The mere assertion of a ground for relief, without sufficient factual detail, does not satisfy either the petitioner's burden of proof under 28 U.S.C. § 2254(e)(1) or the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (which requires a state prisoner to 'specify all the grounds for relief available to the petitioner' and 'the facts supporting each ground')."  Reynolds v. Dunn, 2022 U.S. Dist. LEXIS 54163, at *86-87, 2022 WL 895947, at *29 (N.D. Ala. Mar. 25, 2022).  Rule 4 authorizes summary dismissal of vague and conclusory claims that fail to comply with the fact pleading requirements of Rule 2(c) of the Rules Governing Section 2254 Cases.  Borden, 646 F.3d at 810.

Herrine's petition provides essentially no factual context or procedural history for his parole-related claim, nor does it specify how "the prison t[aking] . . . away" Herrine's parole in 2018 is alleged to have violated the Constitution, laws, or treaties of the United States.  See Platt v. Cooks, 2019 U.S. Dist. LEXIS 141044, at *23 n.16, 2019 WL 4725191, at *9 n.16 (S.D. Ala. Aug. 16, 2019) (finding that petitioner failed to state a viable habeas claim relating to a purported denial of parole by the

---

[5] Under Federal Rule of Civil Procedure 8, a party must allege his claims in "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Alabama Board of Pardons and Paroles when he did "not identify a specific date on which he was denied parole . . . , much less set forth a detailed procedural history outlining the manner in which (and where) he challenged that specific denial of parole"), report and recommendation adopted, 2019 U.S. Dist. LEXIS 165309, 2019 WL 4725148 (S.D. Ala. Sept. 26, 2019).  Because ground two fails to satisfy the basic notice pleading requirements of Rule 8(a), much less the heightened fact pleading requirements for § 2254 habeas petitions, it is subject to summary dismissal.

Also, to the extent ground two can be construed to challenge the constitutionality of Alabama's parole procedures or the process by which parole decisions were made with respect to Herrine, the claim is not cognizable under § 2254.  "[A] petitioner's constitutional claims about clemency procedures are collateral to his convictions and sentences and, therefore, cannot be brought in a § 2254 petition." Edwards v. Georgia, 819 F. App'x 678, 680 (11th Cir. 2020) (per curiam); see Valle v. Sec'y, Fla. Dep't of Corr., 654 F.3d 1266, 1267 (11th Cir. 2011) ("Petitions under § 2254 cannot be brought to challenge the process by which clemency decisions are made when issuance of a writ would not actually or impliedly invalidate a sentence."); Davis v. Scott, 2014 U.S. Dist. LEXIS 93928, at *4-5, 2014 WL 3407473, at *2 (M.D. Fla. July 10, 2014) (holding that claims challenging "the constitutionality of [petitioner's] clemency proceedings and

Florida's clemency procedures . . . are not cognizable in a habeas proceeding brought under § 2254"). Instead, a prisoner's "complaint about [a state's] clemency procedures may only be brought under 42 U.S.C. § 1983." Valle, 654 F.3d at 1268.

Notwithstanding the foregoing, § 2254 "is the appropriate vehicle for a prisoner challenging the decision to deny parole . . . status." Robinson v. Berry, 2021 U.S. Dist. LEXIS 110883, at *5, 2021 WL 2404366, at *2 (M.D. Ga. Feb. 5, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 109597, 2021 WL 2403449 (M.D. Ga. June 11, 2021); see Gwin v. Snow, 870 F.2d 616, 624 (11th Cir. 1989) ("An inmate's challenge of the specific denial of parole seeks to reduce confinement and therefore constitutes a habeas corpus claim."). Thus, to the extent Herrine challenges a specific denial of parole, his claim is cognizable under § 2254, but "such claims require exhaustion of state remedies." Id. at 625. Under Alabama law, one complete round of review of a parole denial decision includes: "(1) filing a petition for certiorari in state circuit court[;] (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals[;] (3) petitioning the Alabama Court of Criminal Appeals for rehearing[;] and (4) seeking discretionary review in the Alabama Supreme Court[.]" Taite v. Davenport, 2010 U.S. Dist. LEXIS 90390, at *8, 2010 WL 3489963, at *3 (S.D. Ala. July 30, 2010) (quoting Dill v. Holt, 371 F.3d 1301, 1303 (11th Cir. 2004)), report and recommendation adopted, 2010

U.S. Dist. LEXIS 90388, 2010 WL 3489960 (S.D. Ala. Aug. 31, 2010); Mann v. Crabtree, 2018 U.S. Dist. LEXIS 89881, at *2, 2018 WL 2423019, at *1–2 (N.D. Ala. Apr. 19, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 88935, 2018 WL 2416453 (N.D. Ala. May 29, 2018) (same). By his own admission, Herrine has failed to pursue these state remedies. Thus, to the extent it is cognizable under § 2254, Herrine's parole-related claim is due to be dismissed based on his failure to exhaust state remedies.[6]

### C. Grounds Three and Four.

In grounds three and four of his habeas petition, Herrine avers that he "is not a danger to the public" and will have a "stable and secure home plan" upon release, apparently in an effort to have this Court grant him leniency, reduce his state prison sentence, and order his compassionate release. (Doc. 1 at 8; see also Doc. 1-1). These claims are not cognizable under § 2254, since they do not allege that Herrine "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

---

[6] Herrine's second ground for relief may also be barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). However, the petition's lack of specific dates, the absence of an adequate procedural history, and the possibility that Herrine may also be challenging parole decisions made more recently than 2018 (see Doc. 1-1 at 7), prevent the Court from adequately evaluating the timeliness of Herrine's parole-related claim.

It is well-established that "[a] federal court considering a habeas petition from a state prisoner has no discretionary power to reduce a sentence: 'a claim that a sentence should be reduced in the interest of justice does not allege a violation of a federally protected right.'" <u>Fisher v. Superintendent</u>, 2014 WL 128015, at *13 (S.D.N.Y. Jan. 14, 2014) (citation omitted). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979). A state prisoner's "plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon." <u>Tucker v. Dep't of Corr.</u>, 2013 U.S. Dist. LEXIS 36347 at *2, 2013 WL 1091282, at *1 (E.D. Cal. Mar. 15, 2013); see <u>Fox v. Warden Ross Corr. Inst.</u>, 2012 U.S. Dist. LEXIS 126478 at *3, 2012 WL 3878143, at *2 (S.D. Ohio Sept. 6, 2012) (stating that § 2254 does not "vest this Court with habeas corpus jurisdiction to order a compassionate release"), <u>report and recommendation adopted</u>, 2012 U.S. Dist. LEXIS 150930, 2012 WL 5198362 (S.D. Ohio Oct. 19, 2012); <u>Johnson v. Lyons</u>, 2016 U.S. Dist. LEXIS 70098, at *6, 2016 WL 3027537, at *2 (D. Md. May 27, 2016) (noting that motions involving "a request for leniency" did "not raise cognizable federal claims requiring exhaustion"). It is therefore plain from the petition that Herrine is not entitled

to federal habeas relief with respect to his third and fourth grounds for relief.

**D.    *Sua Sponte* Dismissal is Appropriate Since the Report and Recommendation Provides Notice and an Opportunity to Be Heard.**

Because it plainly appears that the claims in the instant habeas petition are time-barred, unexhausted, procedurally defaulted, and/or not cognizable under § 2254, Herrine's habeas petition should be dismissed *sua sponte* pursuant to Rule 4.  A court does not err by summarily dismissing a § 2254 petition *sua sponte* under Rule 4 on the grounds of untimeliness or failure to exhaust/procedural default as long as it gives the petitioner notice of its decision and an opportunity to be heard in opposition.  See Paez, 947 F.3d at 655 (stating that the petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely"); Day v. McDonough, 547 U.S. 198, 209-10 (2006).

This report and recommendation provides Herrine with an opportunity to file objections and thus affords him both notice and a reasonable opportunity to respond.  Additionally, the undersigned will direct the Clerk to provide copies of Herrine's petition and this report and recommendation to the Respondent, so

that the Respondent will also have an opportunity to respond to the report and recommendation. See Paez, 947 F.3d at 655.

   E.   **Notice to Petitioner.**

   **Herrine is _specifically advised_ that this report and recommendation is _notice to him_ that this Court is _sua sponte_ raising the issues of timeliness, failure to exhaust, and/or procedural default with respect to certain claims raised in his § 2254 habeas petition. Herrine is _further advised_ that he must submit any evidence or argument challenging the Court's findings, including the Court's findings that certain claims raised in his habeas petition are time-barred, unexhausted, and/or procedurally defaulted, in written objections to the instant report and recommendation.**

   III. **CERTIFICATE OF APPEALABILITY**

   Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition or that Herrine should be allowed to proceed further. As a result, the undersigned submits that Herrine is not entitled to a certificate of appealability, and that he should not be permitted to proceed *in forma pauperis* on appeal.

## IV.  CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Herrine's § 2254 habeas petition (Doc. 1) and this action be

**DISMISSED without prejudice**.   It is further recommended that any requests for a certificate of appealability or for permission to appeal *in forma pauperis* be **DENIED**.

The Clerk is **DIRECTED** to send copies of Herrine's habeas petition and this report and recommendation to Respondent Warden Sharon Folks, Loxley Community-Based Facility/Community Work Center, 14880 County Road 64, Loxley, Alabama 36551, and to the Attorney General of the State of Alabama.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).   The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.   In the absence of a proper

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **9th** day of **November, 2023.**

                                        /s/ SONJA F. BIVINS
                            **UNITED STATES MAGISTRATE JUDGE**